IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Ronald Brunson, | ) | C/A No. 3:09-2598-JFA-PJG |
| Plaintiff, | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| F.B.I. Chief David Thomas, | ) | |
| Defendant. | ) | |

The plaintiff, Ronald Brunson ("Plaintiff"), proceeding *pro se*, files this action *in forma pauperis* under 28 U.S.C. § 1915. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. The Complaint names as the sole defendant David Thomas, the Special Agent in Charge at the Columbia, South Carolina Division of the Federal Bureau of Investigation ("FBI"). The Complaint claims Plaintiff was injured by Defendant Thomas "through his internal investigation machine agents." Plaintiff seeks monetary damages. Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed for failure to state a claim upon which relief may be granted.

## *PRO SE* AND *IN FORMA PAUPERIS* REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner,

404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints. Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Erickson v. Pardus, 551 U.S. 89 (2007); Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Fine v. City of New York, 529 F.2d 70, 74 (2d Cir. 1975).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable

in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## DISCUSSION

Plaintiff files a Complaint suing David Thomas, the Special Agent in Charge at the Columbia, South Carolina Division of the Federal Bureau of Investigation ("FBI"). The statement of claim portion of the Complaint states, verbatim, as follows:

> Federal Bureau of Investigation Chief David Thomas was request to investigate Federal, State and private businesses. Through his investigation I was injured through his internal investigation machine agents. All through this was wrongfully almost kill several time almost died through to many internal investigation machine that investigate people for evidence of a crime a crime was not involve.

(Compl., Docket Entry 1 at 3-4.) The relief section of the Complaint states, verbatim: "relief money - damageous punitive - injury- discrimination." (Id. at 5.) The Complaint was accompanied by attachments that include pictures, hospital records, correspondence with federal agencies, and several "Claim for Damage, Injury, or Death" federal forms directed to the FBI at its Columbia address. None of the attachments provide information that could be construed as stating a claim. The federal forms are just as vague as the Complaint, and appear to raise some delusional allegations similar to those contained in Plaintiff's

prior action, Brunson v. F.B.I., et al, C/A No. 3:08-2965-JFA (D.S.C.), filed in this Court.[1]
For example, one of the "Claim for Damage, Injury, or Death" forms states, in part, "machine electrocution, has another C.I.A. machine to my internal," (Docket Entry 1-1 at 7), which appears to relate to Plaintiff's prior allegations of a monitoring system placed in Plaintiff's "internals" by various government agencies. (Id.)

The Complaint in this case does not allege sufficient facts to state a claim against Defendant Thomas on which relief may be granted. The United States Supreme Court discussed pleading requirements in two fairly recent cases. In Erickson v. Pardus, 551 U.S. 89, 93 (2007), the Supreme Court emphasized that:

> Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief. Specific facts are not necessary; the statement need only give the defendant fair notice of what the claim is and the grounds upon which it rests.

In Bell Atlantic Corp. v. Twombley, 550 U.S. 544, 570 (2007), the Supreme Court stated a complaint requires pleading "enough facts to state a claim to relief that is plausible on its face." Twombley further instructed "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555.

The Complaint in the current case does not even contain recitation of elements of a cause of action. All that can be gleaned from the complaint is that Plaintiff believes he has been injured. The Complaint's reference to injury "through [Defendant's] internal

---

[1]A district court may take judicial notice of materials in the court's own files from prior proceedings. United States v. Parker, 956 F.2d 169, 171 (8th Cir. 1992); United States v. Webber, 396 F.2d 381, 386-87 (3rd Cir. 1968); Fletcher v. Bryan, 175 F2d 716 (4th Cir. 1949).



investigation machine agents" does not provide factual allegations that state a plausible claim. No factual allegations or combination of statements in the pleading, or attachments, provide a statement of a claim that "give[s] the defendant fair notice of what the claim is and the grounds upon which it rests." Erickson v. Pardus, 551 at 93. No legal theory which might plausibly suggest entitlement to relief is suggested by the statements made in the pleading and attachments. Even if the complaint could be liberally construed as an attempt to bring a claim under the Federal Tort Claims Act (FTCA) because attachments to the complaint include forms used to file an FTCA claim with a federal agency, the factual allegations establishing a tort and resulting injury to Plaintiff are not alleged. The complaint, including attachments, fails to state a claim on which relief may be granted and should be dismissed. See 28 U.S.C. § 1915(e)(2)(B)(ii) (fails to state a claim on which relief may be granted).

## RECOMMENDATION

Accordingly, the court recommends that the Complaint be dismissed without prejudice and without issuance and service of process.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

October 23, 2009
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the district judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).